UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICK MARTIN,<br>and individually on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JLE INDUSTRIES, LLC, JLE EQUIPMENT LEASING, LLC, and EVAN POHASKI<br><br>Defendants. | Case No. 2:24-CV-00326-MPK<br><br>MAGISTRATE JUDGE<br>MAUREEN P. KELLY<br><br>Re: ECF No. 49 |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court by way of Plaintiff's Unopposed Motion for Final Approval, and for certification of a settlement class pursuant to Fed. R. Civ. P. 23, and the Parties' Class Action Settlement Agreement and Release, and for good cause shown,

AND NOW, this 12th day of May, 2025, it is hereby ORDERED as follows:

1. The Court has jurisdiction over the Parties and the claims in this case.

2. The Court previously certified, for settlement purposes only, a class of all individuals who, at any time between March 14, 2021 and the date of preliminary approval by the Court, worked as independent contractor truck drivers for JLE Industries, LLC, JLE Equipment Leasing, LLC or their affiliates and/or worked pursuant to independent contractor truck driver agreements with JLE Industries, LLC, JLE Equipment Leasing, LLC or their affiliates and/or were parties to equipment leases with JLE Industries, LLC, JLE Equipment Leasing, LLC or their affiliates (the "Settlement Class"). Dkt. 47.

3. Any individual meeting the definition in Paragraph 2, above, is a "Settlement Class Member."

4. The Court hereby finds, for settlement purposes only, that the settlement reached by the Parties satisfies the applicable requirements of Fed. R. Civ. P 23 and grants final approval of the Settlement Agreement.

5. The Settlement Agreement (Dkt. 48) is fully incorporated by reference into this Order and is hereby adopted as an Order of this Court.

6. The Settlement "Effective Date" as referenced in the Settlement Agreement and in this Order shall be the date on which this Order approving the Settlement becomes final and non-appealable, and that date shall be 30 days from the entry of this Order, provided that no appeals are filed.

7. The Court finds that no Settlement Class Members have objected to the Settlement, and no Settlement Class Members have filed exclusion requests from the Settlement.

8. The Court hereby makes final its earlier certification of the proposed Settlement Class under Fed. R. Civ. P. 23.

9. The Notice of Settlement given to the Settlement Class fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement, and was the best notice practicable under the circumstances, and complied with the requirements of Fed. R. Civ. P. 23.It is hereby ORDERED, ADJUDGED, and DECREED that effective upon the Settlement Effective Date, all Settlement Class Members, for themselves and on behalf of their respective heirs, spouses, executors, successors and assigns (hereinafter the "Releasors") release and forever discharge the Defendants (JLE Industries, LLC, JLE Equipment Leasing, LLC, and Evan Pohaski), together with each of their respective parents,

subsidiaries, divisions, affiliates, directors, officers, shareholders, owners, agents, employees, attorneys, insurers, and representatives and any and all other persons acting on their behalf (collectively the "Releasees") from manner of legal or equitable action or cause of action, suits, claims, liabilities, damages, wages, payments, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, know or unknown, which the class Releasors now have, ever had, or shall later have against releases, arising out of or relating to or in connection with the Released Claims. The term "Released Claims" means any legal claims arising during the Class Period (March 14, 2021 through January 28, 2025) that either were raised in this Action or are reasonably related to the claims raised in this Action, including all such claims arising under any law or theory including, without limitation, the Fair Labor Standards Act, Pennsylvania Minimum Wage Act, Pennsylvania Wage Payment & Collection Law, Truth In Lending Act, for breach of contract or under any federal, state, local or other law governing wages, and any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such wages. The Released Claims include, without limitation, claims arising out of or relating to the contentions of the Plaintiff in this case that he and class members were misclassified as independent contractors rather than employees, that they did not receive minimum wage compensation in all workweeks, that they were subject to unlawful deductions, and/or any alleged breach of contract. This release includes in its effect all claims which were or could have been asserted in the Lawsuit related to the allegations of the complaint filed by the Plaintiff against Defendants, including claims that the Settlement Class Members were misclassified as independent contractors, and were not paid all wages owed, and including claims which each Settlement Class Member does not know or suspect to exist in his or her favor against Defendants.

10. Provided that no appeal is filed from this Order, the settlement funds shall be paid to Plaintiff's Counsel in accordance with the schedule set forth in Section 3(a) of the Settlement Agreement. Plaintiff's Counsel shall provide an IRS form W9 for Lichten & Liss-Riordan, P.C. and Plaintiff Rick Martin to Defendants. The settlement funds shall be distributed by Plaintiff's counsel in accordance with the terms of the Settlement Agreement. Specifically, no later than 14 days following Defendants' making each of the two payments provided for herein into the Settlement fund, Lichten & Liss-Riordan, P.C. shall mail to each Participating Class Member, at his or her last-known address, a Settlement check representing the amount calculated by Lichten & Liss-Riordan, P.C. Participating class members shall have 60 days to cash their settlement checks. To the extent proceeds from uncashed checks from each of the two payments are in excess of $5,000.00, the funds will be redistributed pro rata to class members who cash their settlement checks. If the proceeds are less than $5,000.00, the funds will be distributed to *cy pres*.

11. Southwestern Pennsylvania Legal Services is approved as a *cy pres* beneficiary.

12. The Court hereby approves a service award in the amount of $2,500.00 to Plaintiff Rick Martin.

13. The Court hereby approves an award of attorneys' fees and costs totaling $279,000.00 to Plaintiff's Counsel, in recognition of their continued hard work over the lifetime of this case and the result achieved on behalf of the Settlement Class.

14. The Court hereby dismisses this action in its entirety with prejudice, with each party to bear its own fees and costs. Nothing in this Order constitutes a finding of liability as to any Released Party, and none of the Class Members are considered prevailing parties in this Action.

15. The Court hereby retains continuing jurisdiction over: (a) the implementation of the settlement; and (b) the Parties and their counsel, for the sole purpose of construing, enforcing and administering the Settlement and this Order.

The Court finds that this Order approving the settlement disposes of all claims and is therefore a final appealable order pursuant to 28 U.S.C. § 1291. To the extent necessary pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby certifies that there is no just reason for delay of any appeals from this Order. *See Elliott v. Archdiocese of New York,* 682 F.3d 213, 229 (3d Cir. 2012) (Rule 54(b) requires an express finding that there is no just reason for delay). In support of this certification, the Court finds this certification is in the interest of judicial administration and equity. Under the terms of the settlement agreement, finality of the Order approving settlement is necessary to effectuate the payment of the settlement funds to Plaintiffs' counsel and distribution of the same to class members. Accordingly, the Court and all parties desire prompt finality, and there is no just reason for delay.

**IT IS SO ORDERED.**

Dated: May 12, 2025

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE